IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MICHAEL THOMAS POTTS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:12CV687 |
| v. | ) | 1:98CR50-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, Michael Thomas Potts, a federal prisoner, brings a Motion [Doc. #71][1] to

vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner was convicted

after a jury trial in this Court of one count of possession with intent to distribute cocaine base

in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and was sentenced to 360 months

imprisonment as a career offender. Petitioner was also subject to an enhanced sentence based

on an Information of Prior Conviction filed under 21 U.S.C. § 851. Petitioner contends that his

sentence is no longer valid because, under United States v. Simmons, 649 F.3d 237 (4th Cir.

2011), he did not face more than a year in prison for the predicate felonies supporting the career

offender and § 851 enhancements.

The Government filed a Motion to Dismiss [Doc. #82], contending that the Court lacks

jurisdiction to consider Petitioner's Motion under § 2255 because Petitioner filed a previous

§ 2255 Petition and has not received certification from the Court of Appeals for the Fourth

Circuit to file a second or successive motion, as required by 28 U.S.C. § 2255(h).

---

[1]This and all further cites to the record are to the criminal case unless otherwise noted.

Notwithstanding this provision, relief pursuant to 28 U.S.C. § 2241 is available to petitioners seeking to challenge the validity or legality of their detention when a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is inadequate or ineffective. See 28 U.S.C. § 2255; In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). It is beyond question, however, that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. Jones, 226 F.3d at 333 (citing Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999)); In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). A contrary rule would effectively nullify the gatekeeping provisions of § 2255. Jones, 226 F.3d at 333 (citing United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999)). Under Jones, "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." Id.

In the present case, even if the Court were to consider the Petition under § 2241, Petitioner would not be entitled to relief because he cannot demonstrate that he is no longer a career offender under the Guidelines or that the § 851 enhancement is not still valid. A defendant is a career offender if he is an adult at the time of the instant offense, the instant offense is a crime of violence or controlled substance offense, and the defendant has two prior felony convictions for crimes of violence or controlled substance offenses. USSG § 4B1.1(a). The terms "crime of violence," "controlled substance offense," and "felony" are defined in

2

USSG § 4B1.2. A "crime of violence" includes a crime involving the use, attempted use, or threatened use of force against the person of another, USSG § 4B1.2(a), while a controlled substance offenses is one "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b). Application Note One to that section defines a "felony" as an "adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is designated as a felony and regardless of the actual sentence imposed." The question then is not whether a petitioner was sentenced to more than a year in prison, but whether the crime was "punishable" by more than a year in prison. As to the § 851 enhancement, under § 841(b)(1)(B), Petitioner was subject to a mandatory minimum sentence of 10 years imprisonment if previously convicted of a "felony drug offense." Such offenses are defined as offenses which are "punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44).

Here, Petitioner was determined to be a career offender based on two convictions for possession with intent to sell or deliver cocaine and one conviction for conspiracy to commit armed robbery, all of which he obtained in Guilford County on June 1, 1992. (PSR, ¶¶ 23, 24.) The two drug convictions also supported the § 851 enhancement. Petitioner not only faced

more than a year of imprisonment for all of these convictions, he actually received sentences of two years for the drug convictions and ten years for the conspiracy conviction. Petitioner argues that the drug convictions still should not count as felonies because a person sentenced to two years under North Carolina's Fair Sentencing Act, which was in effect at the time of those convictions, might not serve even a full year of imprisonment. However, the potential sentence, not the one imposed or the time served, controls under Simmons. See United States v. Thompson, 480 F. App'x. 201, 204 (4th Cir. 2012) (unpublished) (discussing the Fair Sentencing Act generally and stating "the actual sentence imposed is irrelevant; rather, the relevant inquiry is whether the actual defendant was subject to a potential sentence of greater than one year of imprisonment"); United States v. Swann, 526 F. App'x 265 (4th Cir. 2013) ("In his pro se brief, Swann appears to argue that, because his sentence was suspended, it did not qualify as a predicate offense. However, a qualifying predicate felony is one for which Swann himself could have been sentenced to a prison term exceeding one year. It is not required that Swann was actually sentenced to serve (or did in fact serve) over one year."); United States v. Harris, 458 F. App'x 297 (4th Cir. 2011). Here, Petitioner clearly faced a maximum penalty of more than a year of imprisonment for all three predicate offenses. Even following Simmons, they remain valid predicate offenses for both the career offender and § 851 enhancements. Petitioner's Motion should be dismissed.

Petitioner also attempts to raise further claims by filing a "Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 2255" [Doc. #85]. In that filing, he first seeks relief under the Fair Sentencing Act of 2010 (FSA). The United States Supreme

Court held in <u>Dorsey v. United States</u>, ___ U.S. ___, 132 S. Ct. 2321, 2336 (2012), that the FSA

applies to persons sentenced after its effective date of August 3, 2010.  Petitioner's sentencing

occurred on November 12, 1998, or well before the FSA became effective.  The Fourth Circuit

has explicitly held that the FSA does not apply to persons sentenced before it became effective.

<u>United States v. Bullard</u>, 645 F.3d 237, 248 (4th Cir.), <u>cert. denied</u>, 132 S. Ct. 356 (2011); <u>see</u>

<u>also</u>, <u>United States v. Allen</u>, 716 F.3d 98, 106-07 (4th Cir. 2013) (recognizing that the holding

in <u>Bullard</u> is limited to defendants sentenced prior to the FSA's effective date).  Petitioner also

raises a claim under <u>Alleyne v. United States</u>, ___ U.S. ___, 133 S.Ct. 2151, 186 (2013).

However, that case does not provide him with a viable claim because it does not apply

retroactively on collateral review.  <u>United States v. Redd</u>, 735 F.3d 88, 91-92 (2d Cir. 2013); <u>In</u>

<u>re Kemper</u>, 735 F.3d 211, 212 (5th Cir. 2013); <u>see also</u> <u>United States v. Sanders</u>, 247 F.3d 139

(4th Cir. 2001) (holding that <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), is a procedural rule

and is not retroactively applicable on collateral review).  Petitioner's additional claims should also

be dismissed.

IT IS THEREFORE RECOMMENDED that Respondent's Motion to Dismiss [Doc.

#82] be granted, that Petitioner's Motion [Doc. #71] to vacate, set aside, or correct sentence

pursuant to 28 U.S.C. § 2255 and "Motion for Modification of Sentence Pursuant to 18 U.S.C.

§ 3582(c)(2) and 28 U.S.C. § 2255" [Doc. #85] be dismissed, and that this action be dismissed.

This, the 14th day of July, 2014.

/s/ Joi Elizabeth Peake<br>
United States Magistrate Judge